Gezim **EJLLI**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 04–0069–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Sam Gjoni, New York, NY, for Petitioner.

Ilene J.K. Miller, Assistant United States Attorney, John McKay, United States Attorney for the Western District of Washington, Seattle, WA, for Respondent.

Present: MINER, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED AND DECREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") is hereby DENIED, in part, and GRANTED, in part, the BIA's 2003 Order is AFFIRMED, in part, and VACATED, in part, the motion for a stay of removal is DENIED as moot, and the case is REMANDED for further proceedings consistent with this order.

Petitioner Gezim Ejlli ("Ejlli") petitions, through counsel, for review of the BIA's decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the underlying facts and procedural history.

Generally, issues not raised before the IJ or the BIA are not preserved for review by this Court. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir. 2004) (*per curiam*). Accordingly, because Ejlli did not raise any claims regarding his wife's testimony or the lack of explanation as to the rescheduling of hearings, before the IJ or the BIA, this Court may not address those issues. "[T]he judicial exhaustion doctrine does not bar consideration of a specific subsidiary legal argument, particularly one that is purely legal and falls outside the INS's traditional area of expertise." *Gill v. INS,* 420 F.3d 82, 87 (2d Cir.2005) (emphasis omitted). Even assuming, however, that Ejlli's arguments fall into this category, they fail on the merits, as the record indicates that the parties stipulated to the wife's testimony and that the hearings were merely rescheduled for the convenience of the parties.

The BIA can summarily affirm a decision of the IJ, *see Zhang v. DOJ,* 362 F.3d 155, 156–57 (2d Cir.2004) (*per curiam*), and, in such a case, this Court reviews the IJ's decision as the final agency determination, *see Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales v.*

*INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft,* 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang,* 386 F.3d at 73, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales,* 331 F.3d at 307, 312. As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang,* 386 F.3d. at 71.

■ In the instant case, the IJ's adverse credibility determination was supported by substantial evidence. As the IJ indicated, Ejlli's testimony, regarding the basis of his claim, was not consistent with his written application. Ejlli indicated that he was persecuted as a supporter of the Democratic Party when his superiors refused to allow him to arrest people who were mistreating voters and when he filed a report on the incident his superiors charged him with insubordination. In contrast, Ejlli testified that he refused to follow a verbal order to arm his unit and protect the polling places because it was not right to follow such an order, either because it was not in writing, or because his superior told him to kill anyone who attacked the polls. Because this inconsistency is not minor and goes to the main basis of Ejlli's claim, it was not improper for the IJ to base its adverse credibility

determination on this ground. *Cf. Diallo,* 232 F.3d at 288. Because the adverse credibility determination was supported by substantial evidence, the IJ did not err by denying asylum and withholding of removal.

■ The IJ did not give a separate or proper basis for the denial of CAT relief. CAT relief requires that an applicant show that he would more likely than not be tortured, but does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004). "[A]n adverse credibility determination made in the asylum context should not necessarily affect the BIA's consideration of the alien's CAT claim." *Ramsameachire,* 357 F.3d at 185. An adverse credibility determination, that includes a finding that the applicant failed to establish a fact that "formed the only potentially valid basis" for the claim, may be a proper basis for the denial of CAT relief. *See Yang v. U.S. Dept. of Justice,* 426 F.3d 520, 522–23 (2d Cir.2005). An IJ, however, must deny CAT relief separately from asylum and withholding. *See Chen v. U.S. Dept. of Justice,* 426 F.3d 104, 116, (2d Cir.2005) (holding that although the IJ did not explicitly analyze the CAT claim, the denial of the claim was "linguistically" separate from the denials of asylum and withholding). In the instant case, the IJ specified no separate grounds for the denial of CAT relief, but based his general denial of all relief on Ejlli's lack of credibility and his failure to show a protected ground. The IJ's adverse credibility finding focused on the lack of credibility regarding Ejlli's political opinion and whether the harm he suffered was politically motivated. Thus, because the IJ relied on adverse credibility grounds that did not relate to the likelihood that Ejlli would be tortured and a finding that Ejlli did not establish a protected ground, there was no proper basis for the denial of CAT relief, and the case is

remanded to the BIA for further proceedings on this claim. *See Yang,* 426 F.3d at 522–23; *Chen,* 426 F.3d at 116.

For the foregoing reasons, the petition for review is denied and the BIA's order affirmed, in part, and the petition is granted, and the BIA's order vacated, in part, and the case is remanded for further proceedings on the CAT claim.